UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF:

Case No. 8:18-cv-2365-T-30TGW

LUHR BROS., INC.,
for Exoneration from
or Limitation of Liability,

    Plaintiff-Petitioner.

## REPORT AND RECOMMENDATION

Claimant Willie J. Richardson, Jr., has filed a Motion to Dismiss and/or Transfer Venue (Doc. 14), arguing that the plaintiff's limitation action should be dismissed for improper venue in light of his earlier filed and related action. Upon consideration of the motion and responsive pleadings, arguments made at hearing, and post-hearing supplemental memoranda, I recommend that the motion be granted in part and this case be transferred to the United States District Court for the Southern District of Texas, Galveston Division.

I.

On August 30, 2018, Willie J. Richardson, Jr., filed suit against Luhr Bros., Inc. (Luhr) and Bolivar Offshore Services, LLC (Bolivar) in the

Southern District of Texas, asserting claims against both defendants under the Jones Act, 46 U.S.C. 30104, and the general maritime law of unseaworthiness (Doc. 14, Ex. A).[1] Richardson alleged he was seriously injured on May 31, 2018, when attempting to change a light on a buoy marker in the navigable waters near St. Pete Beach, Florida, while employed as a deckhand for Luhr and Bolivar aboard the Blue Marlin, a tug boat owned by Luhr (id., pp. 2-3, ¶¶ 5-6).[2]

On September 25, 2018, Luhr initiated this action pursuant to the Limitation of Liability Act (Doc. 1).[3] Luhr was the owner of the LB 148, a 24-foot long crew boat used primarily as workboat (Doc. 1, p. 2, ¶¶ 4-5). Luhr sought exoneration or limitation of liability with respect to an incident on May 31, 2018, in which the LB 148 was engaged in changing out anchor buoy lights near Pinellas County, Florida, and "an individual working from

---

[1] Richardson also asserted a claim against Bolivar for maintenance and cure (Doc. 14, Ex. A, pp. 4-5, ¶¶9-11).

[2] In answer to those allegations, Luhr admitted the Blue Marlin was in navigable waters near St. Pete Beach, Florida, on or about May 31, 2018, but denied the other allegations (Doc. 14, Ex. B, p. 2, ¶¶ 5-6).

[3] The Act permits a vessel owner to file a complaint to limit its liability in the case of an accident and states that "the liability of the owner of a vessel for any claim, debt, or liability . . . shall not exceed the value of the vessel and pending freight" when the loss, damage, or injury occurs "without the privity or knowledge of the owner." 46 U.S.C. 30505(a), (b). A vessel owner may also include in the complaint a demand for exoneration from liability. Fed. R. Civ. P. Supp. Rule F(2).

the vessel claims to have been injured" (id., ¶ 6). Luhr alleged that "one person ha[d] placed [it] on notice of claims asserted as a result of injuries allegedly sustained in the above-described incident" (id., ¶ 7). Luhr alleged that there were no suits arising out of the incident pending against the LB 148 (id., p. 4, ¶ 14).

On January 23, 2019, Richardson filed his instant motion, requesting dismissal of the limitation complaint for improper venue pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims (Doc. 14).[4] Richardson argued that Luhr was required to file its complaint in the Southern District of Texas because Richardson had already brought suit against Luhr in that court with respect to Luhr's claim (id., pp.

---

[4]Supplemental Rule F(9) sets forth the rules for venue in limitation actions:

> The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim. When the vessel has not been attached or arrested to answer the matters aforesaid, and suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be, but if the vessel is not within any district and no suit has been commenced in any district, then the complaint may be filed in any district.

3-4). In the alternative, Richardson requested the complaint be transferred to the Southern District of Texas (id., p. 4).

On February 5, 2019, Luhr responded that it was not required to file its limitation action in that district. It argued that Richardson's complaint did not include a claim with respect to which it sought to limit liability because each claim pertained solely to the Blue Marlin, Luhr did not own the Blue Marlin, and no claims involving the LB 148 were alleged (Doc. 17). Luhr maintained that it properly filed its limitation action in this district because the LB 148 had not been arrested or attached, it had not been sued, and it was located in this district at the time of filing (id., pp. 3-4). In the event the court disagreed, Luhr requested that its case be transferred instead of dismissed (id., p. 4).[5]

On February 8, 2019, Richardson sought leave to file an amended complaint in the Texas action to "clarify the identity of the vessels involved in the incident . . ." (Doc. 36, Exh. A, p. 2, ¶ 4). He added that, at

---

[5]On March 1, 2019, Richardson replied that venue was improper in this district because he filed an amended complaint in the Texas action that "clarifies any confusion in the identity of the subject vessel and alleges [he] was injured while working for [Luhr] aboard the LB 148" (Doc. 23, p. 2, ¶3).

the time of the incident, he "was employed in the service of the Blue Marlin and then was instructed to board the workboat LB 148 to assist in changing out anchor buoy lights . . ." (id.). The motion was granted, and Richardson filed an amended complaint on February 11, 2019. Therein, he alleged that he was injured while working aboard the LB 148, Luhr owned the LB 148, and Bolivar owned the Blue Marlin (Doc. 33, Ex. B, p. 2, ¶¶ 5-6). The named defendants, the substantive claims, and the incident date and location were not amended.

On April 11, 2019, I held a hearing on Richardson's motion. While the issue was not raised in the motion or pleadings, counsel were asked to address the import of relation back under Fed. R. Civ. P. 15(c), i.e., whether Richardson's first amended complaint related back to the date of his original complaint. In that event, Luhr would be deemed to have been sued as the owner of the LB 148 in the Southern District of Texas before it filed its limitation complaint here, and Supplemental Rule F(9) would direct that its complaint be filed in Texas. Consequently, determining the applicability of relation back would dictate the proper venue provision under Supplemental

Rule F(9) and, in turn, resolve the dispute. As directed, Richardson and Luhr both filed post-hearing supplemental memoranda (Docs. 33, 36).

II.

The issue here is whether the limitation complaint was properly filed in this district. Supplemental Rule F(9) pertinently provides that where, as here, a vessel has not been attached or arrested, the complaint shall be filed "in any district in which the owner was sued," but if "suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be." Fed. R. Civ. P. Supp. Rule F(9).

The problem here is that Richardson sued Luhr in the Southern District of Texas before this suit was filed, but he got the name of the vessel owned by Luhr wrong. Thus, he incorrectly alleged that Luhr owned the Blue Marlin, rather than LB 148. However, after Luhr filed its limitation complaint in this court, Richardson amended his complaint in the Texas action to allege that Luhr owned the LB 148. If that amendment relates back to the date Richardson filed his initial complaint against Luhr in the Texas action, Supplemental Rule F(9) would direct that Luhr's limitation complaint be filed in Texas.

> Federal Rule of Civil Procedure 15(c)(1)(B) provides:
>
> An amendment to a pleading relates back to the date of the original pleading when:
>
> ...
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading...

Richardson's amended complaint falls squarely within the terms of Rule 15(c)(1)(B). Thus, the amended complaint iterates the occurrence set out in the original complaint. The only difference is that in two places it adds "LB 148" (Doc. 23, Ex. 1, ¶¶ 5-6). The occurrence, however, remains the same in the amended complaint. Significantly, Luhr does not contend that the amendment fails to allege a claim that arose out of the "occurrence set out—or attempted to be set out—in the original pleading." See Fed. R. Civ. P. 15(c)(1)(B). Under the language of the Rule, the amended complaint relates back to the date of the original pleading.

Luhr asserts three reasons why relation back should not apply in these circumstances: (1) venue must be determined based on the facts as they existed at the time of filing; (2) relation back under Rule 15(c) is limited to the context of statute of limitations; and (3) irrational results could be reached

if relation back was used in determining venue (Doc. 36). These contentions are unpersuasive.

First, I recognize that Rule 15(c)'s relation-back principles generally are applied only with reference to the statute of limitations. See Charles Alan Wright, et al., 6A Fed. Prac. & Pro. § 1496 (3d ed.) ("Although Rule 15(c) applies to all pleading amendments that satisfy its requirements, the doctrine of relation back is of importance primarily in the context of amendments with leave of court under Rule 15(a) when the statute of limitations is implicated."); Fed. R. Civ. P. 15(c) advisory committee's note to 1966 amendment ("[r]elation back is intimately connected with the policy of the statute of limitations"). However, there is nothing in the language of Rule 15(c) that limits the relation-back doctrine to instances in which the statute of limitations is implicated.

The only mention of statute of limitations in Rule 15(c) is in subsection (1)(A), which states that relation back applies when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). That provision, which permits relation back in statute of limitations situations, does not restrict relation back to those situations.

Moreover, the applicable provision of Rule 15(c) in this case — Rule 15(c)(1)(B) — does not even mention statute of limitations. Therefore, the wording of Rule 15(c) does not support Luhr's contention that the doctrine of relation back applies only when the statute of limitations is implicated.

To the contrary, in United States v. Stromberg, the former Fifth Circuit recognized that, "while 'relation back' is generally applied only with reference to the statute of limitations, the concept may also find application in other contexts."[6] 227 F.2d 903, 906 (5th Cir. 1955) (quoting 3 Moore's Fed. Prac., 2d ed., p. 855, ¶ 15.15). Indeed, other courts have on occasion utilized the concept in different circumstances. See, e.g., Hamilton v. 1st Source Bank, 895 F.2d 159, 165 (4th Cir. 1990) (to measure back pay), rev'd on other grounds, 928 F.2d 86 (1990); Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1543-44 (8th Cir. 1996) (for purposes of calculating damages); Sunkyong International., Inc. v. Anderson Land & Livestock Co., 828 F.2d 1245, 1251-53 (8th Cir. 1987) (to cure defect in service of process); Fifty

---

[6] In Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Associations v. Prudential Insurance Co., 446 F.2d 1187, 1191-92 (9th Cir. 1970) (to cure jurisdictional defect on remand).

Luhr points to the statement in Farber v. Wards Co., 825 F.2d 684, 689 (2d Cir. 1987), that "Rule 15(c) governs the 'relation back' of amended pleadings only for the purpose of the statute of limitations, which is simply not implicated in this case." That statement was neither supported by citation to any authority, nor explicated. See id. Further, the court gave an additional reason for rejecting the contention for which the statement was asserted. See id. In other words, the statement, in a complex case, was not given much thought. See id. In all events, United States v. Stromberg is binding and to the contrary.

Second, Luhr is correct that venue is generally determined based on the facts at the time of filing. See Flowers Industrial, Inc. v. FTC, 835 F.2d 775, 776 n.1 (11th Cir. 1987) (28 U.S.C. 1391 context). That principle essentially means that subsequent developments will not defeat venue. The application of relation back, however, does not violate that rule. Under Rule 15(c)(1), "an amendment to a pleading relates back to the date of the original

pleading." Consequently, Robertson's amendment relates back to the original pleading and thus establishes the facts at the time of filing.

Third, Luhr asserts that the use of the relation-back doctrine in determining venue could lead to irrational results. In this respect, Luhr argues that claimants could delay amending a complaint until after the issue of venue has been considered and thus pose problems for the court or the limitation plaintiff (Doc. 36, p. 9, ¶ 27).

In the circumstances of this case, that contention is disingenuous. Luhr initiated its limitation action in this district less than four weeks after Richardson brought suit against it in Texas, yet made no mention of the suit. Rather, Luhr relied on Richardson's failure to identify the LB 148 in the Texas action to support its venue allegations in this district and did so with the knowledge that the LB 148 was involved in incident alleged in Richardson's complaint. Thus, Luhr cannot plausibly claim to be surprised by Richardson's amendment of the complaint.

Moreover, the problems that Luhr asserts could result from permitting an amended complaint to relate back in connection with the question of venue are overstated and speculative. Under Rule 15, Fed. R.

Civ. P., a plaintiff only has a right to amend his complaint within twenty-one days; after that it requires leave of court or the opposing party's consent. See Fed. R. Civ. P. 15(a)(1), (2). Moreover, with respect to Luhr's concern that a party could, on the eve of trial, make an amendment that affects venue (see Doc. 36, p. 9, ¶ 28), that is exceedingly unlikely. At that point, a case scheduling order would have been entered, thereby requiring a showing of good cause to amend. See Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418-19 (11th Cir. 1998); S & W Enterprises, L.L.C. v. Southtrust Bank of Alabama, N.A., 315 F.3d 533, 535-36 (5th Cir. 2003). Under those circumstances, a plaintiff could not unilaterally amend a complaint that affects venue at an inopportune time.

### III.

Upon finding that Richardson's first amended complaint relates back to the original complaint, the facts contained therein are considered as the facts that existed at the time Luhr filed its limitation action, which affects the venue determination under Supplemental Rule F(9). The factual allegations in the amended complaint establish that Luhr, as owner of the LB 148, was sued in Texas with respect to the incident of May 31, 2018. Given

those allegations, Supplemental Rule F(9) requires that Luhr file its limitation action in the Southern District of Texas. See Fed. R. Civ. P. Supp. Rule F(9) (stating that the complaint shall be filed in any district in which the [vessel] owner has been sued with respect to a claim for which it seeks to limit liability). Consequently, Luhr's limitation action is not properly filed in this district.

Supplemental Rule F(9) states that, if venue is improper, "the court shall dismiss [the action] or, if it be in the interest of justice, transfer the action to any district in which it could have been brought." Id. Whether to transfer an action to limit liability pursuant to Supplemental Rule F(9) is within the discretion of the district court. Humble Oil & Refining Co. v. Bell Marine Services, Inc., 321 F.2d 53, 57 (5th Cir. 1963). "'[T]he interest of justice' is not a definite standard," and a district court enjoys broad discretion in determining whether to transfer a case. Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986) (28 U.S.C. 1404 context); see also Mitsui Marine & Fire Insurance Co. v. Nankai Travel International Co., 245 F. Supp. 2d 523, 527 (S.D. N.Y. 2003) (stating that a court's consideration of whether a transfer of venue is in the interest of justice "relates primarily to issues of judicial

economy") (quoting Royal & Sunalliance v. British Airways, 167 F. Supp. 2d 573, 578 (S.D. N.Y. 2001)).

Under the circumstances here, dismissal of this action is not warranted. Dismissal would be prejudicial to Luhr in that it would likely be barred from refiling a limitation action in Texas because the six-month period of time within which to file a limitation action has expired. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962) (providing that transfer, rather than dismissal, is usually appropriate when a statute of limitations would prevent a claim from being refiled in the appropriate venue). Moreover, this possibility was discussed at the hearing, and the parties agreed that in the event that Richardson's first amended complaint related back to his original complaint, the proper remedy is transfer of the case to Texas.

Accordingly, I find that it is in the interests of justice and judicial economy to transfer this action to the Southern District of Texas.

IV.

For the foregoing reasons, I recommend that Richardson's Motion to Dismiss and/or Transfer Venue (Doc. 14) be granted to the extent that this case be transferred to the United States District Court for the Southern District of Texas, Galveston Division.

Respectfully submitted,

*Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JULY 25, 2019

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.